By the Court.—Monell, J.
It was objected on the trial that if the defendant had paid to Mrs. Schettler a greater sum than she was entitled to, as her share of the rents received by him, it could be made available, as a defense, only by way of a counter-claim ; and as no counter-claim was pleaded, all evidence in respect to such a payment was improper. It is now further objected, that the account of May, 1865, and the payment under it, having been voluntary, and made without any mistake of fact on the part of the defendant, it operates as an account stated, and estops the defendant from going behind it, except for fraud or mistake.
It is conceded, that taking the account of rents received during the whole period, from May, 1862, to August, 1869, and deducting the taxes, &c., paid by the defendant, and the sum paid to Mrs. Schettler in January, 1866, she has received a sum greater than her *22 share of such rents. When the payment was made in January, 1866, Mrs. Schettler was told, and she distinctly understood, that it was more than her share, and she received it with the remark, that it was very kind of the defendant.
The objection, that this, at most, created a debt, due from Mrs. Schettler to the defendant, which would be the subject of a counter-claim, if so pleaded, does not seem to me to be well taken. As I view it, it was a payment made by one tenant in. common to his co-tenant, of a part of a common fund, which, unless estopped by his own acts, he had the right to bring into, and make a part of the final settlement between them. And, therefore, throwing the account of May, 1865, out of view, such payment created no debt, but was a payment on account, although in excess of the precise sum. due.
The defendant, therefore, correctly pleaded it as a payment.
The principle upon which an account stated is made conclusive against the party who receives it, is, that if he omits to object, he is deemed to acquiesce in its correctness ; and, hence, he is estopped from after-. wards questioning its accuracy. But the principle does not apply to the party who furnishes the account. As to him, it contains certain admissions and is generally regarded to be correct, but it is, nevertheless, open, to explanation for any omissions or mistakes.
There was nothing in the account itself, nor the circumstances under which it was rendered to Mrs. Schettler, which estopped the defendant from showing, that the balance appearing to be due to her, was in excess of her share. And it' seems to me, that when they came to have a final settlement, he had the right to show the over-payment previously made, as exhausting her share of the rents afterwards received.
It would be highly inequitable to allow the plain *23 tifl’s testator to receive a voluntary over-payment which she had herself solicited and acknowledged, and then to disallow such payment, in the subsequent accounts between her and her co-tenant. The ground upon which the plaintiff seeks to exclude such payment, is too narrow and technical, and should be disregarded.
The effect which, perhaps, might otherwise be given to the account rendered by the defendant, as an account stated, is, in my judgment, entirely removed by the clear understanding of the parties, that the balance struck was in excess of the plaintiff’s share; and it is fair to presume, that they each intended and expected, that the defendant would reimburse himself from the future rents.
That he should be allowed to do so, is quite agreeable to equity and good conscience ; and I think the defendant should be satisfied that the over-payment is not now brought in, as a claim against him, or the estate which he represents.
The judgment should be affirmed.